UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABDUL WAKIL AMIRI,

Plaintiff,

v.

STOLADI PROPERTY GROUP,

Defendant.

Civil Action No. 05-447 (RJL)

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, alleges that he was subject to employment discrimination by defendant based on his national origin, religion, and race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000c, *et seq.*, and 42 U.S.C. § 1981. Defendant has filed a motion to dismiss or, in the alternative, for summary judgment. Because the Court finds that the undisputed material facts establish that plaintiff cannot establish the merits of his claims, summary judgment will be granted.

## FACTUAL BACKGROUND

Plaintiff is a security officer employed by Securitas Security Services U.S.A., Inc. ("Securitas") in Washington, D.C. Complaint ("Compl."), p. 1. He alleges that on November 21, 2003, he was assigned to work as a security guard at defendant Stoladi Property Group. ("Stoladi"). *Id.* Defendant is a property management company that contracts with Securitas to provide security for its properties. Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Deft's Mot."), Affidavit of James Stokes ("Stokes Aff."), ¶¶ 2, 4.

Plaintiff claims that from the start of his duty the property manager harassed him based on



-1-

the fact that he is a native of Afghanistan, a Muslim, and due to his race. *Id.*, pp. 1-3. The property manager aggressively addressed plaintiff if he came even five minutes late and asked him if he were from Afghanistan and a Muslim. *Id.*, p. 2. Accordingly to plaintiff, he was "fired" from his assignment because he would not allow an FBI agent to enter the building. *Id.*, p. 4. Plaintiff remains employed with Securitas. *Id.*, p. 5.

## Standard of Review

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56 (c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989). The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Moreover, "any factual assertions in

the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)). The mere existence of a factual dispute by itself, however, is not enough to bar summary judgment. The party opposing the motion must show that there is a genuine issue of *material* fact. *See Anderson*, 477 U.S. at 247-48. To be material, the fact must be capable of affecting the outcome of the litigation; to be genuine, the issue must be supported by admissible evidence sufficient for a reasonable trier of fact to find in favor of the nonmoving party. *Id.; see also Laningham v. United States Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

## DISCUSSION

### Timeliness of Plaintiff's Filing

Defendant moves to dismiss the complaint on the ground that it has been untimely filed. 42 U.S.C. § 2000e-5(f)(1) states, in pertinent part, that:

> If a charge filed with the Commission [EEOC] ... is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ... the Commission has not filed a civil action ... or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ...

The 90-day statutory period is not jurisdictional, but rather is a statute of limitations subject to equitable tolling. *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 579 (D.C. Cir. 1998). Tolling is permitted where "vital information bearing on the existence of [the] claim" is unobtainable despite best efforts by the individual. *Id.* at 579. The burden of proof for equitable tolling is high and is used only in extraordinary circumstances. *Id.* at 579-80. Where no such

circumstances are found, the court cannot extend the statutory period "even by one day." *Anderson v. Local 201 Reinforcing Rodman*, 886 F.Supp. 94, 97 (D.D.C. 1995).

In this case, the EEOC mailed the right to sue letter to plaintiff on November 17, 2004 and plaintiff acknowledges receiving the letter on November 20, 2004. Compl., Exhibit ("Ex.") B. Plaintiff submitted his complaint to this Court on February 11, 2005, along with a petition for leave to proceed *in forma pauperis*. The Clerk of the Court will not accept a complaint for filing that is not accompanied by a filing fee until the Court has granted a petition for leave to proceed *in forma pauperis*. *See Washington v. White*, 231 F.Supp.2d 71, 75 (D.D.C. 2002). The application to proceed *in forma pauperis* was granted on February 16, 2005. The 90-day period is tolled between the time a complaint and an application to proceed *in forma pauperis* are received by the Court and the time the Court rules on the application. *Id.*

Given the fact that plaintiff received EEOC's notice on November 20, 2004 and that this case was filed on February 11, 2005, plaintiff's action is timely. The complaint was filed within 90 days of plaintiff's receipt of the right-to-sue letter.

<u>Existence of Employer/Employee Relationship</u>

Defendant also contends that plaintiff cannot maintain a Title VII claim against it because Stoladi Property Group was never plaintiff's employer. Title VII makes it unlawful for an employer to discriminate against an employee. *See* 42 U.S.C. 2000e. The extent of the alleged employer's right to control the "means and manner" of the worker's performance is the most important factor in determining whether an employer/employee relationship exists for Title VII purposes. *Spirides v. Reinhardt*, 613 F.2d 826, 831 (D.C. Cir. 1979). If the alleged employer has the "right to control and direct the work of an individual, not only as to the result to be achieved,

but also as to the details by which the result is achieved, an employer/employee relationship is likely to exist." *Redd v. Summers*, 232 F.3d 933, 938 (D.C. Cir. 2000)(citation omitted).

To support its argument that plaintiff was not its employee, defendant has submitted an affidavit from the company president. According to the affidavit, Stoladi contracts with Securitas to provide security for properties managed by Stoladi. Stokes Aff., ¶ 4. Stoladi pays Securitas for a specific number of service hours. *Id.* Stoladi does not hire, train, supervise, evaluate, transfer or demote Securitas employees. *Id.* Stoladi personnel have no authority to direct or control employees of Securitas. *Id.* Moreover, defendant asserts, Stoladi had no involvement in the terms and conditions of plaintiff's employment and was not involved in any personnel action regarding plaintiff. *Id.*, ¶ 5.

Plaintiff has not produced any evidence rebutting defendant's claims. It is clear that Stoladi was not plaintiff's employer for the purposes of Title VII liability. In fact, plaintiff's complaint acknowledges that he is "employed" by Securitas. Compl., p. 1. As such, defendant is not liable under Title VII for the actions alleged in the complaint.

### Discrimination Claim

Even if the Court were to assume that plaintiff was an employee of defendant, plaintiff's claims would fail because he cannot demonstrate the necessary elements of a discrimination claim. In order to prevail in a Title VII case or a claim under 42 U.S.C. § 1981, a plaintiff initially must establish a *prima facie* case of prohibited discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973); *Carter v. George Washington Univ.*, 387 F.3d 872, 878 (D.C. Cir. 2004). If the plaintiff succeeds in establishing a *prima facie* case, the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the

challenged action. *Id.*   Once the defendant proffers a sufficient non-discriminatory reason, the burden shifts to the plaintiff to produce some evidence, either direct or circumstantial, to show that defendant's proffered reason is a pretext for discrimination. *Id.; see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 147-49 (2000).

To establish a *prima facie* case of discrimination, the plaintiff must establish that (1) he is a member of a protected class; (2) he suffered an adverse employment action; and (3) other similarly situated employees from outside the protected class were not subject to that action. *Id.* at 802; *see Stella v. Mineta*, 284 F.3d 135, 145 (D.C. Cir. 2002); *Brown v. Brody*, 199 F.3d 446, 452 (D.C. Cir. 1999).   Defendant does not dispute that plaintiff is a member of a protected class, but moves for summary judgment on the ground that plaintiff did not suffer an adverse employment action.

Employees must show that they have suffered an adverse employment action in order to establish a *prima facie* case, because under Title VII there must be an injury, and therefore "[a]n employee must first be 'aggrieved' in order to bring an action." *Id.* at 455.   In determining whether the challenged action constitutes an adverse employment action,  a court should focus on "ultimate employment decisions" such as "hiring, granting leave, discharging, promoting, and compensating," not intermediate decisions "having no immediate effect upon employment decisions." *Taylor v. FDIC*, 132 F.3d 753, 764 (D.C. Cir. 1997).   An adverse action under Title VII is not actionable unless there is a tangible change in responsibilities or working conditions that results in a material employment disadvantage. *Raymond v. U.S. Capitol Police Bd.*, 157 F.Supp.2d 50, 56 (D.D.C. 2001).   Employer actions short of outright firing can be adverse, but not all lesser actions count for purposes of Title VII liability. *Forkkio v. Powell*, 306 F.3d 1127,

1130 (D.C. Cir. 2002). "Discharge, demotion, or undesirable reassignment" are recognized examples of an adverse employment action for which an employee can bring a Title VII claim. *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765 (1998).

Changes in assignments or work-related duties do not ordinarily constitute adverse employment actions if "unaccompanied by a decrease in salary or work hour changes." *Mungin v. Katten, Muchin & Zavis*, 116 F.3d 1549, 1556-57 (D.C.Cir. 1997). Plaintiff must suffer an objectively tangible harm. *Brown v. Brody*, 199 F.3d at 457. "[N]ot everything that makes an employee unhappy is an actionable adverse action." *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996). Purely subjective injuries, such as dissatisfaction with reassignment or public humiliation or loss of reputation are not adverse actions. *Forkkio*, 306 F.3d at 1130-31. In claims such as this one, then, there must be a significant change in job responsibilities. *See id.* at 1131 (where substantive job responsibilities not reduced, there is lack of materially adverse consequences for Title VII liability).

Plaintiff has not alleged or demonstrated that there was a material decrease in his salary or a change in his working conditions as a result of his transfer from the security guard assignment at the property managed by Stoladi. To the contrary, plaintiff expresses great satisfaction with his employment at Securitas. *See* Compl., p. 5. Hence, plaintiff has failed to establish a necessary element of a *prima facie* case of discrimination, that he suffered an adverse employment action.

<u>Hostile Work Environment Claim</u>

To establish a *prima facie* hostile work environment claim, plaintiff must demonstrate that (1) he is a member of a protected class; (2) he was subject to unwelcome harassment; (3) the harassment occurred because of his race or national origin; (4) the harassment affected a term,

condition or privilege of employment; and (5) defendant knew or should have known of the harassment and failed to take action. *Lester v. Natsios*, 290 F.Supp. 2d 11, 22 (D.D.C. 2003). For a workplace to be hostile under Title VII, the offensive conduct must permeate the workplace "with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998).

In order to determine if the workplace environment was sufficiently hostile for Title VII purposes, the Court should consider (1) the frequency of the discriminatory conduct; (2) the severity of the conduct; (3) whether the conduct was physically threatening or merely offensive; and (4) whether the conduct reasonably interfered with plaintiff's work performance. *Faragher v. Boca Raton*, 524 U.S. 775, 787-88 (1998). There is no Title VII liability for the "ordinary tribulations of the workplace," such as sporadic use of abusive language, occasional teasing, and isolated incidents. *Id.* at 787; *Clark County School District v. Breeden*, 523 U.S. 268, 271 (2001).

Plaintiff's claim is based on his allegations that one of defendant's employees asked plaintiff if he were from Afghanistan and a Muslim, warned plaintiff that failure to arrive to work on time would result in termination, and asked plaintiff if he had allowed any unauthorized individuals to enter the property. *See* Compl., pp. 2-3. These allegations are insufficient to establish a hostile work environment claim. Plaintiff has produced no evidence that the conditions of his employment were materially altered due to the alleged harassment. In addition, plaintiff cannot show that the employer knew or reasonably should have known of the discriminatory conduct. In sum, plaintiff has provided insufficient proof that he was subjected to a pervasive, severe and discriminatory hostile work environment.

**Conclusion**

The evidence presented by the parties shows that there are no genuine issues of material fact. Plaintiff cannot establish a discrimination claim under either Title VII or 42 U.S.C. § 1981. Plaintiff has also failed to show a hostile work environment under Title VII. Defendant's motion for summary judgment will be granted. A separate Order accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

DATE: 9/28/05